DANIEL G. BOGDEN
United States Attorney
District of Nevada
KATHRYN C. NEWMAN
Assistant United States Attorney
333 Las Vegas Boulevard South
Suite 5000
Las Vegas, Nevada 89101
702-388-6336
Fax: 702-388-5087

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
-oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:14-cr-00315-JCM-VCF |
| Plaintiff, | STIPULATION FOR PROTECTIVE ORDER |
| vs. | |
| ROBERT BUCKHANNON and TERRY RAWSTERN, | |
| Defendants. | |

IT IS HEREBY STIPULATED AND AGREED between the parties, Daniel G. Bogden, United States Attorney for the District of Nevada, Kathryn C. Newman, Jr., Assistant United States Attorney, and Defendant Robert Buckhannon, and his counsel, Dustin Marcello, and Defendant Terry Rawstern, and his counsel, Rene Valladares, Federal Public Defender, and Nisha Brooks-Whittington, Assistant Federal Public Defender, that this Court issue an Order protecting from disclosure to the public any discovery documents containing the personal identifying information such as social security numbers, drivers license numbers, dates of birth, or addresses of participants, witnesses and victims in this case. Such documents shall be referred to hereinafter as "Protected Documents." The parties state as follows:

1.  The charges in this case are based in part on allegations that the defendants conspired to offer fraudulent investments to hundreds of individual investors. The discovery in this case contains personal identifier information of the investor/victims. Redacting the personal identifiers of victims would be prohibitively time consuming in this case.

2.  The United States agrees to provide Protected Documents without redacting the personal identifiers of participants, witnesses, and victims.

3.  Access to Protected Documents will be restricted to persons authorized (authorized person) by the Court, namely the defendant, attorney(s) of record and attorneys' paralegals, investigators, experts, secretaries, file clerks, law clerks, contractors, vendors, IT Department, and copy centers employed by the attorney(s) of record or performing on behalf of defendant.

4.  The following restrictions will be placed on defendant, defendant's attorney(s) and the above-designated individuals unless and until further ordered by the Court. Defendants, defendants' attorneys and the above-designated individuals shall:

    a. Not make copies of the Protected Documents for, or knowingly allow copies of any kind of the Protected Documents be made for, any person that is not an authorized person, and will take reasonable steps to protect against allowing copies of any kind of the Protected Documents to be made for any person that is not an authorized person;

    b. Not knowingly allow any other person to read the Protected Documents and will take reasonable steps to prevent any person that is not an authorized person to read the Protective Documents; and,

2

c. Not use the Protected Documents for any other purpose other than preparing to defend against the charges in the Superseding Indictment or any further superseding indictment arising out of this case.

5. Defendant's attorneys shall inform any person whom they disclosure the Protective Documents or to whom they know the defendant has disclosed the Protective Documents of the existence and terms of this Court's order. Further, the defendant's attorney shall take reasonable measure to inform any person to whom disclosure may be made pursuant to this order of the existence and terms of this Court's order.

6. The restrictions shall not restrict the use of Protected Documents during the trial of or judicial proceedings in this matter.

7. By the date of sentencing in this matter, or seven days after acquittal, whatever the case may be, the defendant shall return to defense counsel the copy of Protected Documents defense counsel furnished to defendant.

8. By the date of sentencing in this matter, or seven days after acquittal, whatever the case may be, defense counsel shall direct all other authorized persons or others defense counsel has reason to believe have obtained copies of the documents, to return copies of Protected Documents to defense counsel's office..

9. At the conclusion of this action, defense counsel shall return to government counsel or destroy all copies of Protected Documents in defense counsel's possession, including copies of Protected Documents previously in the possession of all authorized persons and returned to defense counsel. This action will be deemed concluded after the completion of the

3

final appeal in this matter, or if no appeal was filed, then the expiration of the statute of limitations for the filing of any final appeal of any matter, including collateral review.

DANIEL G. BOGDEN
United States Attorney

/s/ Kathryn C. Newman
KATHRYN NEWMAN
Assistant United States Attorney

DATE

_____
NISHA BROOKS-WHITTINGTON
Counsel for Terry Rawstern

10/28/14
DATE

_____
TERRY RAWSTERN

10/29/14
DATE

_____
DUSTIN MARCELLO
Counsel for Robert Buckhannon

10/31/14
DATE

_____
ROBERT BUCKHANNON

10/31/14
DATE

**ORDER**

IT IS SO ORDERED this ___3rd___ day of ___November___, 2014.

_____
UNITED STATES ~~DISTRICT~~ JUDGE
Magistrate

4