DANIEL G. BOGDEN
United States Attorney
KATHRYN C. NEWMAN
Assistant United States Attorney
Lloyd D. George United States Courthouse
333 Las Vegas Boulevard South, Suite 5000
Las Vegas, Nevada 89101
(702) 388-6336/Fax: (702) 388-6020

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

-oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT BUCKHANNON, and<br>TERRY RAWSTERN,<br><br>Defendants. | CASE NO: 2:14-cr-00315-JCM-VCF<br><br>**Proposed Complex Case<br>Schedule (Stipulation)** |

Pursuant to Local Rule 16-1, the United States, by and through the undersigned, and Defendants, by and through undersigned counsel, submit this Proposed Complex Case Schedule:

1. **Complex Case.** The above-listed parties stipulate that this is a complex case within the meaning of that term under Title 18, United States Code, Section 3161(h)(7)(B)(ii), in that the nature of the prosecution is such that it is unreasonable to expect adequate trial preparation within the time limits prescribed by the Speedy Trial Act.

2. **Trial Date.** The above-listed parties stipulate that they seek to vacate the current trial setting for this matter on December 1, 2014, and set the matter for a firm trial setting in or about mid-October 2015. The United States anticipates it will need at least two weeks to present its case-in-chief.

3. **Excluded Time.** The parties stipulate that all time from the entry of Defendants' pleas in this case until the trial of this matter is excluded under Title 18, United States Code,

Section 3161(h)(7)(A) as the ends of justice outweigh the interests of the public and defendant in a speedy trial.

4. Pretrial Motions. The parties stipulate that:

    A. They shall have to and including May 15, 2015, within which to file any and all pretrial motions and notice of defense;

    B. They shall have twenty-one (21) days after the filing of a pretrial motion within which to file any and all responsive pleadings;

    C. They shall have seven (7) days after the filing of a responsive pleading within which to file and all replies to dispositive motions.

    D. For matters which have been referred to a United States Magistrate Judge for Findings and Recommendations ("F&R"), the parties shall have fourteen (14) days from the entry of the F&R to file any objections thereto, and shall have seven (7) days after the filing of any objections to file a response, except as stipulated by the parties and approved by the Court.

5. The Parties' Discovery Obligations

    A. The United States shall begin providing to the defendant its Rule 16 disclosures within forty-five (45) days of the defendants' arraignment and upon receipt from the defendants of an electronic device to transfer discovery materials and the execution of a protective order. Consistent with its ongoing discovery obligations the United States will turn over additional materials as they become available.

    B. The defendant's Rule 16 disclosures, including expert witness disclosure, shall be made immediately, or in all events, no later than on or before ninety (90) days before the date set for trial by this Court in order to allow for sufficient trial preparation.

    C. Although 18 U.S.C. § 3500(b) relieves the United States of any duty to disclose *Jencks* material until after the government witness testifies on direct examination, in the

interest of efficiency the United States will consent to disclose *Jencks* materials no later than thirty (30) days before trial, except: (1) with permission of the Court, for good cause shown; and (2) with the caveat that the United States reserves the right to argue to the Court that exclusion of the witness is not a proper remedy.

  D. No later than thirty (30) days before trial, the defendant(s) will disclose any statements of witnesses that the defendant(s) intend to call at trial.

  E. The parties propose that no later than twenty-one (21) days before trial:

    a. the parties will disclose any summaries, charts or calculations that will be offered in their respective case-in-chief at trial;

    b. the parties will identify recordings, transcripts of recordings, or portions thereof, that will be offered in their respective case-in-chief at trial.

    c. the government will provide any evidence of similar acts, as provided by Fed. R. Crim. P. 404(b), that it intends on introducing at trial.

  6. Duty to Resolve Discovery Matters Informally. Consistent with the Local Rules, the parties agree to make good faith efforts to meet and confer with each other to resolve informally any dispute over the scope, manner and method of disclosures, before seeking relief from the Court.

WHEREFORE, the parties respectfully request that the Court enter a Scheduling Order addressing these issues and such other issues as the Court deems appropriate.

DATED this the 3rd day of November, 2014.

Respectfully submitted,

DANIEL G. BOGDEN
United States Attorney

/s Kathryn C. Newman
KATHRYN C. NEWMAN
Assistant United States Attorney

| For Defendant Buckhannon: | For Defendant Rawstern: |
|---|---|
| | RENE VALLADARES<br>Federal Public Defender |
| *[signature]*<br>DUSTIN MARCELLO, ESQ. | *[signature]*<br>NISHA BROOKS-WHITTINGTON<br>Assistant Federal Public Defender |

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

O-O-O

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT BUCKHANNON, and<br>TERRY RAWSTERN,<br><br>Defendants. | 2:14-CR-00315-JCM-VCF<br><br>**ORDER FOR COMPLEX CASE<br>SCHEDULE PURSUANT<br>TO LCR 16-1(a)** |

1.  Complex Case. The parties stipulate and the Court finds that this is a complex case within the meaning of that term under Title 18, United States Code, Section 3161(h)(7)(B)(ii), in that the nature of the prosecution is such that it is unreasonable to expect adequate trial preparation within the time limits prescribed by the Speedy Trial Act.

2.  Trial Date. The parties have agreed to vacate the current trial setting and to reschedule this matter in October 2015. The United States anticipates it will need at least two weeks to present its case-in-chief.

3.  Excluded Time. The parties stipulate that all time from the entry of Defendants' pleas in this case until the trial of this matter is excluded under Title 18, United States Code, Section 3161(h)(7)(A) as the ends of justice outweigh the interests of the public and defendants in a speedy trial.

4.  Pretrial Motions. The parties stipulate that:

    A.  They shall have to and including May 15, 2015, within which to file any and all pretrial motions and notice of defense;

5

   B. They shall have twenty-one (21) days after the filing of a pretrial motion within which to file any and all responsive pleadings;

   C. They shall have seven (7) days after the filing of a responsive pleading within which to file and all replies to dispositive motions.

   D. For matters which have been referred to a United States Magistrate Judge for Findings and Recommendations ("F&R"), the parties shall have fourteen (14) days from the entry of the F&R to file any objections thereto, and shall have seven (7) days after the filing of any objections to file a response, except as stipulated by the parties and approved by the Court.

  5. The Parties' Discovery Obligations

   A. The United States shall begin providing to the defendant its Rule 16 disclosures within forty-five (45) days of the defendants' arraignment and upon receipt from the defendants of an electronic device to transfer discovery materials and the execution of a protective order. Consistent with its ongoing discovery obligations the United States will turn over additional materials as they become available.

   B. The defendants' Rule 16 disclosures, including expert witness disclosure, shall be made immediately, or in all events, no later than on or before ninety (90) days before the date set for trial by this Court in order to allow for sufficient trial preparation.

   C. Although 18 U.S.C. § 3500(b) relieves the United States of any duty to disclose Jencks material until after the government witness testifies on direct examination, the United States will consent to disclose Jencks materials no later than thirty (30) days before trial, except: (1) with permission of the Court, for good cause shown; and (2) with the caveat that the United reserves the right to argue to the Court that exclusion of the witness is not a proper remedy.

D. No later than thirty (30) days before trial, the defendant(s) will disclose any statements of witnesses that the defendant(s) intend to call at trial.

E. No later than twenty-one (21) days before trial:

a. the parties will disclose any summaries, charts or calculations that will be offered in their respective case-in-chief at trial;

b. the parties will identify recordings, transcripts of recordings, or portions thereof, that will be offered in their respective case-in-chief at trial.

c. the government will provide any evidence of similar acts, as provided by Fed. R. Crim. P. 404(b), that it intends on introducing at trial.

6. Duty to Resolve Discovery Matters Informally. Consistent with the Local Rules, the parties agree to make good faith efforts to meet and confer with each other to resolve informally any dispute over the scope, manner and method of disclosures, before seeking relief from the Court.

7. The current calendar call and trial date shall be vacated. Calendar call shall be scheduled for ____June 10____, 2015, at 1:30 p.m. and trial shall be scheduled for June 15, 2015 at 9:00 a.m.

DATED November 14, 2014.

_____
United States District Judge

7